**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| Sumner Regional Health Systems, Inc., | ) | Case No. 10-_____ ( ) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| Trousdale Medical Center, Inc., | ) | Case No. 10-_____ ( ) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| Frank T. Rutherford Memorial Hospital, Inc., | ) | Case No. 10-_____ ( ) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| SRHS Holdings, LLC, | ) | Case No. 10-_____ ( ) |
| Debtor. | ) | |
| In re: | ) | Chapter 11 |
| Sumner Homecare and Hospice, LLC, | ) | Case No. 10-_____ ( ) |
| Debtor. | ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Family Wellness Group of Middle Tennessee, LLC, | ) ) | Case No. 10-_____ ( ) |
| | ) | |
| Debtor. | ) ) | |
| | ) | |
| In re: | ) ) | Chapter 11 |
| ClinicCare, LLC, | ) ) | Case No. 10-_____ ( ) |
| | ) | |
| Debtor. | ) ) ) | |

**MOTION OF DEBTORS PURSUANT TO RULE 1015(b) OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
JOINT ADMINISTRATION AND PROCEDURAL CONSOLIDATION OF CASES**

Sumner Regional Health Systems, Inc. ("Sumner") and its affiliated debtors in the above captioned chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"), respectfully represent:

**SUMMARY OF RELIEF REQUESTED**

1. By this motion (the "Motion"), the Debtors hereby move for an order, substantially in the form annexed hereto as Exhibit A, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") providing for the joint administration of the Debtors' separate Chapter 11 cases for procedural purposes only.

## JURISDICTION

2. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The relief sought in this Motion is based upon Bankruptcy Rule 1015(b).

## BACKGROUND

4. On the date hereof (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their business and manage their affairs as debtors-in-possession. No official committee of unsecured creditors has yet been appointed by the Office of the United States Trustee.

5. The factual background relating to the Debtors' commencement of these Chapter 11 cases is set forth in detail in the Affidavit of Waite Popejoy, the Chief Restructuring Officer of Sumner Regional Health Systems, Inc., in Support of Chapter 11 Petitions and First Day Pleadings (the "Popejoy Affidavit") filed contemporaneously herewith and incorporated herein by reference.

## RELIEF REQUESTED

6. By this Motion, the Debtors request, pursuant to Bankruptcy Rule 1015(b), an order directing that the above-captioned Chapter 11 cases be consolidated for procedural purposes and jointly administered under a single case number and caption.

**BASIS FOR RELIEF REQUESTED**

7.	Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against any debtor and an affiliate, the court may order joint administration of the estates of such debtor and its affiliate. The Debtors are affiliates of each other as that term is defined in Bankruptcy Code §101(2) and as that term is used in Bankruptcy Rule 1015(b).

8.	In light of the multiple financial and operational interrelationships among the Debtors, joint administration of the Debtors' cases is appropriate. Moreover, the joint administration of the Debtors' Chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and will further the interests of judicial economy and administrative expediency. As most, if not all, pleadings to be filed in these cases will likely affect each Debtors' case, joint administration will permit the Debtors and other parties to combine notices to creditors and other parties-in-interest of the Debtors' respective estates. Joint administration will also protect parties-in-interest by ensuring that parties in each of the Debtors' respective Chapter 11 cases will be apprised of the various matters before the Court in each case.

9.	The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. See, e.g., In re I.R.C.C., Inc., 105 B.R. 237, 238 (Bankr. S.D.N.Y. 1989) (joint administration promotes administrative convenience without affecting substantive rights); In re Steury, 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988) (joint administration promotes "desire for administrative efficiency . . . without altering the substantive rights of the parties"); In re Parkway Calabasas Ltd., 89 B.R. 832, 836

(Bankr. C.D. Cal. 1988) ("The purpose of joint administration is to make case administration easier and less expensive than in separate cases, without affecting the substantive rights of creditors . . ."), aff'd, 949 F.2d 1058 (9th Cir. 1991). To the extent that proofs of claim are required to be filed, each creditor shall be entitled to file a claim against the particular estate that owes it money. Steury, 94 B.R. at 553-54 (estates of each debtor remain separate); Parkway Calabasas, 89 B.R. at 836 (debtors' assets and liabilities are not merged; creditors look to separate debtor for payment). In fact, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration. The Court will also be relieved of the burden of enforcing duplicative orders and keeping duplicative files. Finally, supervision of administrative aspects of the Chapter 11 cases by the Court and the United States Trustee will be simplified.

10. The Debtors do not seek substantive consolidation by this Motion. Each creditor and other party-in-interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right.

11. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sumner Regional Health Systems, Inc., *et al.*[1] | ) Case No. 10-_____ (  ) |
| | ) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sumner Regional Health Systems, Inc. (3738), Trousdale Medical Center, Inc. (5666), Frank T. Rutherford Memorial Hospital, Inc. (8987), SRHS Holdings, LLC (2680), Sumner Homecare and Hospice, LLC (4324), Family Wellness Group of Middle Tennessee, LLC (1860) and ClinicCare, LLC (6783).

|  | ) | Joint Administration Requested |
| --- | --- | --- |
| Debtors. | ) | |
|  | ) | |

12. The Debtors submit that use of this simplified caption will make it easier to file papers and ensure a uniformity of pleading identification.

13. For all the foregoing reasons, the Debtors respectfully request the immediate entry of an order providing for the joint administration of the Debtors' Chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

14. The Debtors further request that a docket entry be made in each of the following affiliate cases: Trousdale Medical Center, Inc., Frank T. Rutherford Memorial Hospital, Inc., SRHS Holdings, LLC, Sumner Homecare and Hospice, LLC, Family Wellness Group of Middle Tennessee, LLC and ClinicCare, LLC as follows:

> An order has been entered in this case directing procedural consolidation and joint administration of this case with the Chapter 11 bankruptcy case of Sumner Regional Health Systems, Inc., Case No. 10-_____. The docket for Sumner Regional Health Systems, Inc. should be consulted for all matters affecting this case.

## **NOTICE**

15. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known, via telephone, e-mail, facsimile, overnight courier, or hand-delivery: (a) the United States Trustee for the Middle District of Tennessee; (b) the Debtors' twenty largest unsecured creditors; (c) Wells Fargo Bank, National Association as Trustee; (d) the Tennessee Attorney General; (e) the United States Attorney General; (f) the Internal Revenue Service; and (g) all parties that have requested personal notice pursuant to Bankruptcy Rule

2002.  In light of the nature of the relief requested herein, the Debtors submit that no further notice of the Motion is necessary or required.

## NO PREVIOUS REQUEST

16.  No prior Motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order approving the relief requested in the Motion and granting such other and further relief as the Court deems just and proper.

Dated: April 30, 2010

      */s/ Robert A. Guy, Jr.*
FROST BROWN TODD LLC
Robert A. Guy, Jr., Esq.
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.251.5550
Facsimile: 615.251.5551
E-mail: bguy@fbtlaw.com

   *- and -*

Ronald E. Gold, Esq.*
Joseph B. Wells, Esq.*
201 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: rgold@fbtlaw.com
E-mail: jbwells@fbtlaw.com

   *- and -*

PROSKAUER ROSE LLP
Jeff J. Marwil, Esq.*
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: 312-962-3550

   *- and -*

Jeffrey W. Levitan, Esq.*
Adam T. Berkowitz, Esq.*
1585 Broadway
New York, NY 10036-8299
Telephone: 212-969-3000

*Pro Hac Vice* Motion Pending

Proposed Counsel for Debtors and Debtors in Possession

# EXHIBIT A

**Proposed Form of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Sumner Regional Health Systems, Inc., | ) ) | Case No. 10-_____ (   ) |
| Debtor. | ) ) ) ) | |
| In re: | ) ) | Chapter 11 |
| Trousdale Medical Center, Inc., | ) ) | Case No. 10-_____ (   ) |
| Debtor. | ) ) ) ) | |
| In re: | ) ) | Chapter 11 |
| Frank T. Rutherford Memorial Hospital, Inc., | ) ) | Case No. 10-_____ (   ) |
| Debtor. | ) ) ) ) | |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SRHS Holdings, LLC, | ) | Case No. 10-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Sumner Homecare and Hospice, LLC, | ) | Case No. 10-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Family Wellness Group of Middle Tennessee, LLC, | ) | Case No. 10-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ClinicCare, LLC, | ) | Case No. 10-_____ (   ) |
| | ) | |
| Debtor. | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION AND PROCEDURAL CONSOLIDATION OF CASES

Upon consideration of the motion (the "Motion")[1] of Sumner Regional Health Systems, Inc. ("Sumner") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"), seeking an order directing joint

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

administration and procedural consolidation of their pending Chapter 11 cases; and it appearing that the Court has jurisdiction to consider the Motion; and it appearing that joint administration and procedural consolidation of these cases will be in the best interests of the Debtors' creditors and estates, and will further the economic and efficient administration of these cases; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases; and it appearing that no other or further notice of the Motion need be provided; and upon the Motion and the proceedings before the Court; and after due deliberation; and good and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, for the reasons set forth in the Motion, that the above-captioned cases shall be procedurally consolidated and jointly administered by this Court; and it is further

**ORDERED**, that the caption of the jointly administered Chapter 11 cases shall be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Sumner Regional Health Systems, Inc., *et al.*[1] | ) ) ) | Case No. 10-_____ ( ) |
| Debtors. | ) ) ) ) | Joint Administration Requested |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sumner Regional Health Systems, Inc. (3738), Trousdale Medical Center, Inc. (5666), Frank T. Rutherford Memorial Hospital, Inc. (8987), SRHS Holdings, LLC (2680), Sumner Homecare and Hospice, LLC (4324), Family Wellness Group of Middle Tennessee, LLC (1860) and ClinicCare, LLC (6783).

and it is further

**ORDERED**, that a docket entry shall be made in each of the following affiliate cases: Trousdale Medical Center, Inc., Frank T. Rutherford Memorial Hospital, Inc., SRHS Holdings, LLC, Sumner Homecare and Hospice, LLC, Family Wellness Group of Middle Tennessee, LLC and ClinicCare, LLC substantially as follows:

> An order has been entered in this case directing procedural consolidation and joint administration of this case with the Chapter 11 bankruptcy case of Sumner Regional Health Systems, Inc., Case No. 10-_____. The docket for Sumner Regional Health Systems, Inc. should be consulted for all matters affecting this case.

and it is further

**ORDERED**, that nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned Chapter 11 cases; and it is further

**ORDERED**, that this Court shall retain exclusive jurisdiction to enforce and interpret the terms of this Order.

> **THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Prepared by:

 /s/ Robert A. Guy, Jr.
FROST BROWN TODD LLC
Robert A. Guy, Jr., Esq., TN # 16715
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.251.5550
Facsimile: 615.251.5551
E-mail: bguy@fbtlaw.com

   *- and -*

Ronald E. Gold, Esq.*
Joseph B. Wells, Esq.*
201 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: rgold@fbtlaw.com
E-mail: jbwells@fbtlaw.com

   *- and -*

PROSKAUER ROSE LLP
Jeff J. Marwil, Esq.*
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone:  312-962-3550

   *- and -*

Jeffrey W. Levitan, Esq.*
Adam T. Berkowitz, Esq.*
1585 Broadway
New York, NY  10036-8299
Telephone:  212-969-3000

*Proposed Counsel for the Debtors*

**Pro Hac Vice* Motion Pending