# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sumner Regional Health Systems, Inc., *et al.*[1] | ) Case No. 10-_____ ( ) |
| | ) |
| | ) Joint Administration Requested |
| Debtors. | ) |
| | ) |
| | ) |

**ORDER (A) APPROVING BIDDING PROCEDURES FOR THE SALE OF
SUBSTANTIALLY ALL THE DEBTORS' ASSETS, (B) SCHEDULING
THE AUCTION, (C) SCHEDULING THE SALE HEARING, (D) APPROVING
THE ASSUMPTION AND ASSIGNMENT PROCEDURES RELATED TO THE SALE,
(E) AUTHORIZING PAYMENT OF THE BREAK-UP FEE AND EXPENSE
REIMBURSEMENT AND (F) APPROVING THE FORM OF THE SALE NOTICE**

Upon the motion (the "Motion")[2] of Sumner Regional Health Systems, Inc. and the other above-captioned debtors and debtors-in-possession (the "Debtors"), dated _____, 2010, requesting, among other relief, entry of an order (A) approving the Bidding Procedures,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sumner Regional Health Systems, Inc. (3738), Trousdale Medical Center, Inc. (5666), Frank T. Rutherford Memorial Hospital, Inc. (8987), SRHS Holdings, LLC (2680), Sumner Homecare and Hospice, LLC (4324), Family Wellness Group of Middle Tennessee, LLC (1860) and ClinicCare, LLC (6783).

[2] Each capitalized term used but not defined herein shall have the meaning ascribed thereto in the Motion.

(B) scheduling the Post-Petition Auction, (C) scheduling the Sale Hearing, (D) approving the Assumption and Assignment Procedures, (E) authorizing payment of the Break-Up Fee and Expense Reimbursement pursuant to the Stalking Horse APA and (F) approving the form of the Sale Notice; and notice of the Motion being proper and sufficient and all interested parties having been afforded an opportunity to be heard with respect to the Motion; and upon review and consideration of (i) the Motion, (ii) the arguments of counsel and evidence proffered or adduced at the hearing thereon (the "Bidding Procedures Hearing"), and (iii) the docket and proceedings in the above-captioned cases (the "Chapter 11 Cases"); and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest:

**THE COURT FINDS THAT:**[3]

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Chapter 11 Cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory and rule-based predicates for the relief sought in the Motion are sections 105, 363 and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, 6006, 9007 and 9014.

Notice of the Motion, Bidding Procedures Hearing and Sale Hearing having been given to the following parties is sufficient in light of the circumstances and the nature of the relief requested in the Motion: (a) the United States Trustee for the Middle District of Tennessee; (b) the Debtors' 20 largest unsecured creditors; (c) the Internal Revenue Service; (d) all parties

---

[3] Regardless of the heading under which they appear, any (1) findings of fact that constitute conclusions of law shall be conclusions of law and (2) conclusions of law that constitute findings of fact shall be findings of fact. All findings of fact and conclusions of law announced by the Court at the Hearing in relation to the Motion are incorporated herein to the extent not inconsistent herewith.

known or reasonably believed to have asserted an encumbrance on any of the Assets; (e) the counterparties to each of the Potentially Assigned Contracts; (f) all persons or entities known or reasonably believed to have expressed an interest in acquiring the Assets; (g) all taxing and regulatory authorities having jurisdiction over any of the Assets, including the Tennessee Department of Health, the Tennessee Board of Pharmacy, the Tennessee Department of Mental Health and Developmental Disabilities, the Secretary of the United States Department of Health and Human Services, the Tennessee Department of Environment and Conversation, Tennessee Department of Finance and Administration (Bureau of TennCare), the Federal Communications Commission, the United States Environmental Protection Agency, the United States Department of Health and Human Services - the Centers for Medicare and Medicaid Services and the United States Drug Enforcement Administration, Tennessee Health Service & Development Agency, Kentucky Department of Medicaid Services, Indiana Family and Social Services Administration, Tennessee Department of Labor and Welfare Development; (h) the Attorney General for the State of Tennessee; and (i) all parties that have requested personal notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").

  The form of Sale Notice attached to the Motion as **Exhibit D** is reasonably calculated to provide all interested parties with timely and proper notice of the Sale, Sale Hearing and Post-Petition Auction.

  The notice to counterparties to Potentially Assigned Contracts provided in accordance with the Assumption and Assignment Procedures is reasonably calculated to provide all counterparties to the Potentially Assigned Contracts with proper notice of the potential assumption and assignment of their executory contract or unexpired lease and any Cure Amounts associated therewith.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is approved in its entirety.

All objections to the relief requested in the Motion that have not been withdrawn, waived or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court, are overruled.

The Bidding Procedures, substantially in the form attached to the Motion as **Exhibit B**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement the Bidding Procedures.

As provided in the Bidding Procedures, the Debtors shall conduct the Post-Petition Auction on _____, 2010 at _____.m. at _____.

In the event of a competing bid for the Assets, the Purchaser will be entitled to credit bid the amount of the Break-Up Fee and Expense Reimbursement to its increased bids in accordance with the terms of the Bidding Procedures.

The Assumption and Assignment Procedures, substantially in the form attached to the Motion as **Exhibit C**, are approved and the Debtors are authorized to take any and all actions necessary and/or appropriate to implement such procedures.

The form of Sale Notice attached to the Motion as **Exhibit D** is hereby approved as sufficient.

If the Stalking Horse is not the High Bidder, then pursuant to the Stalking Horse APA, the Debtors are authorized to pay the Stalking Horse the Break-Up Fee and the Expense Reimbursement from the proceeds of the sale to the High Bidder.

Within five (5) business days after entry of this Order, the Debtors: (a) shall publish notice of the Sale, the time and place of the proposed Post-Petition Auction, and the time and

place of the Sale Hearing in (i) a local newspaper, (ii) a local business publication, (iii) a national healthcare publication, if an appropriate publication is available and (iv) a national newspaper; and (b) shall send copies of this Order, the Sale Notice, the Bidding Procedures, and the Assumption and Assignment Procedures to the Notice Parties listed in paragraph C of this Order.

The Sale Hearing shall be conducted on _____, 2010 at _____.m, prevailing Central time. The Debtors shall seek entry of an order at the Sale Hearing approving and authorizing the proposed Sale to the High Bidder on terms and conditions substantially consistent with the Stalking Horse APA, as amended or modified. If approved, the bid submitted by such bidder will be referred to as the "Successful Bid.". The Sale Hearing may be adjourned or rescheduled without notice other than by announcement of the adjourned date at the Sale Hearing.

Objections to the relief requested in the Motion, other than the relief granted herein, must: (i) be in writing and filed on the docket in the Chapter 11 Cases; (ii) comply with the Bankruptcy Rules; and (iii) be served upon the Debtors and Notice Parties so as to be received on or before 4:00 p.m., prevailing Central time, on _____, 2010.

The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014 or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable.

All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these Chapter 11 Cases, the terms of this Order shall govern.

This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Stalking Horse APA and this Order. To the extent any provisions of this Order shall be inconsistent with the Motion, the terms of this Order shall control.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY
AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Prepared by:

  /s/ Robert A. Guy, Jr.
FROST BROWN TODD LLC
Robert A. Guy, Jr., Esq., TN # 16715
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.251.5550
Facsimile: 615.251.5551
E-mail: bguy@fbtlaw.com

   *- and -*

Ronald E. Gold, Esq.*
Joseph B. Wells, Esq.*
201 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: rgold@fbtlaw.com
E-mail: jbwells@fbtlaw.com

   *- and -*

PROSKAUER ROSE LLP
Jeff J. Marwil, Esq.*
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone:  312-962-3550

   *- and -*

Jeffrey W. Levitan, Esq.*
Adam T. Berkowitz, Esq.*
1585 Broadway
New York, NY  10036-8299
Telephone:  212-969-3000

*Proposed Counsel for the Debtors*

**Pro Hac Vice* Motion Pending*