## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Sumner Regional Health Systems, Inc., *et al.*[1] | ) | Case No. 3:10-bk-04766 |
|  | ) |  |
|  | ) | Jointly Administered |
| Debtors. | ) |  |
|  | ) |  |

**OMNIBUS RESPONSE OF THE DEBTORS TO THE OBJECTIONS OF THE UNITED STATES TRUSTEE TO THE DEBTORS' RETENTION OF (I) NAVIGANT CAPITAL ADVISORS, LLC, NAVIGANT CONSULTING, INC., AND CERTAIN RELATED INDIVIDUALS (II) PROSKAUER ROSE LLP AND (III) FROST BROWN TODD LLC**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby respond to each of the above-referenced objections (the "Objections")[2] of the United States Trustee (the "U.S. Trustee") to the Debtors' retention of (i) Navigant Capital Advisors, LLC, Navigant Consulting, Inc. and certain related individuals (collectively, "Navigant") as crisis managers and to serve in certain officer positions, as indicated in the Debtors' application to retain Navigant, (ii) Proskauer Rose LLP ("Proskauer"), as bankruptcy counsel to the Debtors and (iii) Frost Brown Todd ("Frost"), as local bankruptcy co-counsel (collectively, the "Retentions"), and respectfully represent:

## RESPONSE

1.      The U.S. Trustee objects to each of the Retentions, citing a lack of information on the details of any inter-company claims between the Debtors and a resulting

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sumner Regional Health Systems, Inc. (3738), Trousdale Medical Center, Inc. (5666), Frank T. Rutherford Memorial Hospital, Inc. (8987), SRHS Holdings, LLC (2680), Sumner Homecare and Hospice, LLC (4324), Family Wellness Group of Middle Tennessee, LLC (1860) and ClinicCare, LLC (6783).

[2]     The Objections were filed as Docket Nos. 177-179.

inability to determine whether joint representation of such Debtors is appropriate. Indeed, with respect to the retention of Proskauer and Frost, this is the U.S. Trustee's only objection. Joint representation of and provision of services to the procedurally-consolidated Debtors in these cases, however, is entirely appropriate and enables the Debtors to conserve their limited resources. The employment of separate professionals for each Debtor would be highly wasteful and impractical, as common issues represent the bulk of the work to be done in these Chapter 11 cases, and it is highly unlikely that any such work can be linked to individual Debtors. To the extent there are intercompany claims among the various Debtors, they are diminis in comparison to the claims asserted against the Debtors by non-debtor parties. The vast majority, if not all, third party creditors look to parent corporation as the debtor obligor and all of the Debtors assets, other than a diminis amount, are owned by the parent corporation, which is a not-for-profit Tennessee Corporation that wholly owns the remaining six Debtors. Moreover, in the unlikely event that a conflict between the interests of Debtors arises, the Debtors can obtain conflicts counsel at that time. In addition, following the anticipated sale of substantially all of their assets, the Debtors intend, through a plan of liquidation, to consolidate all assets and liabilities through a liquidating trust or other similar vehicle. Thus, allocation of costs is not likely to become an issue. In the unlikely event that an issue regarding allocation of costs among Debtors arises during the course of these Chapter 11 cases, an allocation can be performed at such time and need not prevent the Debtors from securing the Retentions which are needed at this critical juncture. Lastly, joint retention of service providers is customary in cases in this District and others.[3]

2. Therefore, for the foregoing reasons, the Debtors submit that the potential existence of inter-company claims is not a sufficient basis to deny the Retention applications. No

---

[3] See, e.g., In re Santa Fe Holding Company, Inc., et al., Case No. 09-07856 (GCP) Docket No. 175 (Bankr. M.D. Tenn. August 14, 2009); In re Nukote International, Inc., et al., Case No. 09-06240 (KML) Docket No. 130 (Bankr. M.D. Tenn. June 29, 2009); In re Lehman Brothers Holdings, Inc., et al., Case No. 08-13555 (JMP) Docket No. 1660 (Bankr. S.D.N.Y. November 21, 2008).

prejudice will result from the Retentions to any creditors and parties in interest. To the extent, however, that any prejudice could result, it would be far outweighed by the damage done to the Debtors estates if they were compelled to find substitute advisors

3. The U.S. Trustee also raises a number of additional objections to the retention of Navigant. First, the U.S. Trustee objects that Navigant is not a fiduciary of the Debtors as per the terms of its retention agreement. In light of this objection, Navigant has agreed that the individual Navigant Employees serving in officer positions will owe the same duties to the Debtors they would ordinarily owe under applicable law absent the provisions to the contrary in the Navigant retention agreement. Second, the U.S. Trustee's objection that there is no Court oversight of the fees paid to Navigant is inaccurate. Navigant is compensated under a fixed monthly fee and, as such, the fees associated with this engagement are transparent at the outset, giving the Court complete control over their approval. Accordingly, there is ample Court oversight of Navigant's fees. Moreover, as set forth below, the proper staffing levels for Navigant will be revisited after the closing of a sale of substantially all of the Debtors' assets. Third, the U.S. Trustee objects to the payment to Navigant of a "completion fee" if Navigant is terminated "for cause." Navigant is willing to agree that, in the event the Debtors terminate the agreement due to Navigant's gross negligence or willful misconduct, Navigant shall not be entitled to the Deferred Management Bonus (as defined therein) payable upon the closing of a sale transaction. Fourth, the U.S. Trustee objects that there is no mechanism for the reduction of Navigant's fees upon the consummation of a sale of all or substantially all assets by the Debtors. The Committee has expressed similar concerns and the Debtors understand that it is Navigant's intention to reduce the staff providing services to the Debtors after such a sale. Accordingly, the Debtors have proposed to add the following ordered paragraph to the Navigant retention order:

7653/69444-011 Current/19039448v6

Upon the closing of the sale of substantially all of the Debtors' assets (the "<u>Sale</u>"), the Official Committee of Unsecured Creditors (the "<u>Committee</u>") and the Debtors shall confer regarding the Staffing level and compensation of the Navigant Professionals and any other personnel provided by Navigant for the period following the closing of the Sale. The Committee reserves its right to object to the post-Sale staffing and compensation for the Navigant Professionals and any other personnel provided by Navigant.

4. Lastly, the U.S. Trustee states that the Navigant retention application is lacking "sufficient detail concerning the connections between the parties," so as to enable evaluation of any conflicts of interest that may exist between the Debtors and Navigant. The Navigant retention application discloses the services provided to the Debtors, the amounts paid therefor, the positions held by Navigant personnel and the attendant responsibilities. To the extent that the U.S. Trustee seeks additional disclosure through specific questions about these relationships, Navigant and the Debtors are available to provide answers.

**WHEREFORE**, the Debtors respectfully request that the Court overrule the Objections and enter an order granting the relief requested in the applications regarding the Retentions and such other or further relief as is just and proper.

[SIGNATURE PAGE FOLLOWS]

4

Dated: May 19, 2010

/s/ ROBERT A. GUY, JR.
FROST BROWN TODD LLC
Robert A. Guy, Jr., Esq.
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.251.5550
Facsimile: 615.251.5551
E-mail: bguy@fbtlaw.com

- *and* -

Ronald E. Gold, Esq.*
Joseph B. Wells, Esq.*
201 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: rgold@fbtlaw.com
E-mail: jbwells@fbtlaw.com

- *and* -

PROSKAUER ROSE LLP
Jeff J. Marwil, Esq.*
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone:  312-962-3550

- *and* -

Jeffrey W. Levitan, Esq.*
Adam T. Berkowitz, Esq.*
1585 Broadway
New York, NY  10036-8299
Telephone:  212-969-3000

*Admitted *Pro Hac Vice*

Proposed Counsel for the Debtors and Debtors in Possession

5