**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Sumner Regional Health Systems, Inc., *et al.*[1] | ) Case No. 3:10-bk-04766 |
| | ) Jointly Administered |
| Debtors. | ) |

**AGREED ORDER AUTHORIZING THE DEBTORS TO (I) RETAIN
NAVIGANT CAPITAL ADVISORS, LLC AND NAVIGANT
CONSULTING, INC. TO PROVIDE CRISIS MANAGEMENT SERVICES;
(II) EMPLOY (A) S. WAITE POPEJOY AS CHIEF RESTRUCTURING OFFICER, (B)
ROGER KAISER, M.D. AS CHIEF EXECUTIVE OFFICER, (C) MARK BRAZITIS AS
CHIEF IMPLEMENTATION OFFICER, (D) MARY CARPENTER AS REVENUE
CYCLE OFFICER AND (E) JOSEPH ORITI AS VICE PRESIDENT OF FINANCE; AND
(III) OBTAIN THE SERVICES OF CERTAIN OTHER SUPPORT STAFF FROM
NAVIGANT TO ASSIST THE DEBTORS WITH RESPECT TO STRATEGIC
ALTERNATIVE, DISPOSITION SUPPORT AND PERFORMANCE IMPROVEMENT
INITIATIVES *NUNC PRO TUNC* AND/OR RETROACTIVE TO THE PETITION DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Sumner Regional Health Systems, Inc. (3738), Trousdale Medical Center, Inc. (5666), Frank T. Rutherford Memorial Hospital, Inc. (8987), SRHS Holdings, LLC (2680), Sumner Homecare and Hospice, LLC (4324), Family Wellness Group of Middle Tennessee, LLC (1860) and ClinicCare, LLC (6783).

Upon the application (the "Application")[2] of Sumner Regional Health Systems, Inc. ("Sumner") and the other above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of an order authorizing the Debtors to (i) retain Navigant Capital Advisors, LLC and its affiliate Navigant Consulting, Inc. (together, "Navigant") to provide crisis management services; (ii) employ (a) S. Waite Popejoy ("Mr. Popejoy") as chief restructuring officer ("CRO"), (b) Roger Kaiser, M.D. ("Dr. Kaiser") as chief executive officer ("CEO"), (c) Mark Brazitis ("Mr. Brazitis") as Chief Implementation Officer ("CIO"), (d) Mary Carpenter ("Ms. Carpenter") as Revenue Cycle Officer and (e) Joseph Oriti ("Mr. Oriti") as Vice President of Finance of Sumner; and (iii) obtain the services of certain other Navigant support staff and crisis management personnel (collectively, all of the above-referenced personnel are referred to herein as the "Navigant Staff") to assist the Debtors with respect to strategic alternatives, disposition support, performance improvement and technical support initiatives, on substantially the same terms and conditions set forth in that certain agreement, dated as of October 1, 2009, by and among Sumner and Navigant (the "Retention Agreement"), attached as Exhibit B-1 to the Application *nunc pro tunc* and/or retroactively to the Petition Date; and upon consideration of the Popejoy Retention Declaration, annexed as Exhibit C to the Application; and the Court being satisfied, based on the representations made in the Application and the Popejoy Retention Declaration, that Navigant and the Navigant Staff do not represent or hold any interest materially adverse to the Debtors or their estates; and the Court having jurisdiction to consider the Application and the relief requested therein, pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding, pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[2] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

and 1409; and due and proper notice of the Application having been provided as set forth in the Application, and no other or further notice need be provided; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to retain Navigant and the Navigant Staff, to perform the services contemplated by the Application and Retention Agreement, *nunc pro tunc* and/or retroactively to the Petition Date. For the avoidance of doubt, this Order is not entered pursuant to Section 328(a).

3. From and after the petition date, the Navigant personnel serving in officer positions will owe the same duties to the Debtors they would ordinarily owe under applicable law absent the provisions to the contrary in the Navigant retention agreement. In addition, the indemnification protections afforded Navigant under the Retention Agreement shall, notwithstanding the provisions set forth therein, be no broader than the indemnification protections afforded non-Navigant officers and directors of the Debtors.

4. Rather than file fee applications, Navigant shall submit monthly invoices to the Debtors for payment, and shall provide copies of such invoices to the U.S. Trustee, counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in these chapter 11 cases and counsel to Wells Fargo Bank, National Association as Trustee. In the event the Debtors terminate the Agreement for cause prior to the closing of the Sale, Navigant shall not be entitled to the Deferred Management Bonus as defined in the Navigant retention agreement.

5. Upon the closing of the sale of substantially all of the Debtors' assets (the "Sale"), the Committee and the Debtors shall confer regarding the Staffing level and compensation of the Navigant staff (which includes officers and any other personnel provided by Navigant) for the period following the closing of the Sale. The Committee reserves its right to object to the post-Sale staffing and compensation for the Navigant officers and any other personnel provided by Navigant.

6. The Debtors are authorized to pay Navigant in accordance with the Retention Agreement upon receipt of the monthly invoices referenced herein without further order of the Court.

7. On or before June 1, 2010, Navigant shall file with the Court a disclosure of its connections, if any, to the Debtors' creditors and other parties in interest.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

Submitted by Approval:


 */s/ Robert A. Guy, Jr.*
FROST BROWN TODD LLC
Robert A. Guy, Jr., Esq., TN # 16715
424 Church Street, Suite 1600
Nashville, Tennessee 37219
Telephone: 615.251.5550
Facsimile: 615.251.5551
E-mail: bguy@fbtlaw.com

  *- and -*

Ronald E. Gold, Esq.*
Joseph B. Wells, Esq.*
201 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Telephone: 513.651.6800
Facsimile: 513.651.6981
E-mail: rgold@fbtlaw.com
E-mail: jbwells@fbtlaw.com

  *- and -*

PROSKAUER ROSE LLP
Jeff J. Marwil, Esq.*
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone:  312-962-3550

  *- and -*

Jeffrey W. Levitan, Esq.*
Adam T. Berkowitz, Esq.*
1585 Broadway
New York, NY  10036-8299
Telephone:  212-969-3000

*Proposed Counsel for the Debtors*

*Admitted *Pro Hac Vice*

**The United States Trustee**

 /s/ Lloyd E. Mueller
By: Lloyd E. Mueller, Esq.
Trial Attorney
Office of the U.S. Trustee, Region 8
701 Broadway, Suite 318
Nashville, Tennessee
(615) 736-2254
(615) 736-2260 Facsimile
Lloyd.E.Mueller@usdoj.gov